United States District Court
For the Northern District of California

1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   WILBUR FLOYD,                      No. C 13-4712 TEH (PR)

5              Petitioner,             ORDER TO SHOW CAUSE

6          v.
                                       Doc. nos. 5, 6
7   RANDY GROUNDS, Warden,

8              Respondent.

9   _____/

10

11          Petitioner Wilbur Floyd, an inmate currently incarcerated

12  at Salinas Valley State Prison (SVSP) filed a pro se petition for a

13  writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an

14  October 24, 2010 disciplinary hearing at California State Prison,

15  Centinela (CEN).[1] [2] Petitioner has paid the $5.00 filing fee,

16  therefore, his motion to proceed in forma pauperis (IFP) is denied

17  as moot.  Doc. #5.  Petitioner also moves for discovery and an

18  evidentiary hearing.  Doc. #6.  The Court orders Respondent to show

19  cause why the petition should not be granted and denies the motion

20  for discovery and an evidentiary hearing.

21  _____

22          [1]In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the
    Federal Rules of Civil Procedure, the Clerk of the Court is directed
23  to substitute Warden Randy Grounds as Respondent because he is
    Petitioner's current custodian.

24          [2]This case was transferred to the Northern District of California
    from the Southern District of California after Petitioner was
25  transferred to SVSP, which is located in the Northern District.
    Although the disciplinary hearing took place at CEN, which is located
26  in the Southern District, it is generally the practice of district
    courts in California to transfer habeas actions challenging
27  disciplinary actions to the district of confinement.  See Dunne v.
    Henman, 875 F.2d 244, 249 (9th Cir. 1989) (proper forum to challenge
28  execution of a sentence is district of prisoner's confinement).

I

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

II

Petitioner challenges his disciplinary hearing resulting in a guilty finding that he had had an inmate-manufactured weapon hidden in his mattress.  As a result of the guilty finding, Petitioner lost 181 days of behavioral credits and served eight months in the Secured Housing Unit.  Petitioner contends his due process rights were violated because the disciplinary hearing was not held within the requisite time period.  Petitioner also contends that his rights to Equal Protection, due process and double jeopardy were violated because he had two disciplinary hearings for the same offense.

Liberally construed, Petitioner's due process claim warrants a response.  See Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974) (discussing disciplinary hearing procedures necessary to comport with due process).

However, even liberally construed, Petitioner's allegations that he had two disciplinary hearings do not state a

claim for a constitutional violation.  Petitioner merely alleges that: (1) he asked that Officer Soto be present at his disciplinary hearing; (2) Officer Soto could not be located, so Petitioner was told to go back to his cell; and (3) about thirty minutes later, Petitioner was called out to have the disciplinary hearing with Lt. Rodriguez.  Petitioner characterizes the hearing with Lt. Rodriguez as a "second hearing for the same charge."  However, Petitioner never had a first hearing, it was just postponed.  Furthermore, Petitioner does not allege that he was sentenced twice as a result of having two hearings.  Therefore, the hearing with Lt. Rodriguez was his only hearing on the charge of possessing an inmate-manufactured weapon.  Accordingly, Petitioner' second claim based on allegations of two hearings is not cognizable and does not warrant a response from Respondent.

### III

Petitioner moves for discovery and an evidentiary hearing on his second claim based on two disciplinary hearings.  Because Petitioner's second claim is not cognizable, this motion is denied as moot.  See West v. Ryan, 608 F.3d 477, 485 (9th Cir. 2010) (citing Schriro v. Landrigan, 550 U.S. 465, 474 (2007)) (under AEDPA, court presented with request for evidentiary hearing must determine whether a factual basis exists in the record to support the claim); see also Cullen v. Pinholster, 131 S.Ct. 1388, 1400-01 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.").

3

III

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed in forma pauperis is DENIED as moot because Petitioner has paid the $5.00 filing fee. Doc. #5.

2.   Petitioner's motion for discovery and an evidentiary hearing is DENIED.  Doc. #6.

3.   Petitioner's claim based on duplicate disciplinary hearings is not cognizable and is dismissed.

4.   Petitioner's due process claim based on failure to follow the time requirements for a disciplinary hearing is cognizable and is served on Respondent Warden Grounds.

5.   The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent Grounds and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

6.   Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do

4

so by filing a Traverse with the Court and serving it on Respondent within thirty-five (35) days of his receipt of the Answer.

       7.   In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty-five (35) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

       8.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

       9.   The Clerk of the Court shall substitute Warden Grounds in as Respondent pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

   IT IS SO ORDERED.

DATED      _12/18/2013_

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Floyd 13-4712.OSC.wpd